# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


BILL LUCERO,

        Petitioner,

vs.                                      No. CV 18-00843 JCH/KK

RICHARD MARTINEZ, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

        Respondents.

## ORDER TO SHOW CAUSE

      **THIS MATTER** is before the Court *sua sponte*. Petitioner Bill Lucero seeks a writ of habeas corpus under 28 U.S.C. § 2254. However, the record reflects that Petitioner Lucero has been released from custody. (Doc. 7). Therefore, Petitioner Lucero's § 2254 claims may be moot and if so this case should be dismissed due to the absence of a present case or controversy.

      When a prisoner is released from custody, the petitioner's subsequent release may cause the petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

      An incarcerated prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or restrictions imposed by the terms

of the parole) constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained. *See*, *e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968). *See also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

In this case, Petitioner Bill Lucero filed his Petition Under 28 U.S.C. § 2254 by a Person in State Custody. (Doc. 1). In his Petition, Lucero stated that he was incarcerated and serving his sentence at the Otero County Prison Facility. (Doc. 1 at 1). Lucero challenged his conviction and sentence and sought release from custody. (Doc. 1). On March 18, 2020, Lucero filed a Notice of Change of Address. (Doc. 7). His Notice states:

> "I am requesting that all my legal mail be sent to the following address since I will no longer be incarcerated by the time you receive this letter."

(Doc. 7 at 1). The address given in Lucero's Notice is P.O. Box 127, TulaRosa, N.M. 88352. (Doc. 7).

Based on Lucero's Notice, it appears that he is no longer in State custody and there is no longer any case or controversy that can be remedied through a § 2254 proceeding. *Spencer*, 523 U.S. at 7–8. Therefore, the Court will order Petitioner Lucero to show cause, within 30 days of entry of this Order, why this case should not be dismissed as moot. If Petitioner Lucero does not respond and show cause within 30 days, this case may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that, within thirty (30) days from entry of this Order, Petitioner Bill Lucero shall show cause why this action should not be dismissed as moot based on lack of a present case or controversy under Article III, § 2, of the Constitution.

UNITED STATES MAGISTRATE JUDGE