IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILL LUCERO,

    Petitioner,

vs.                                                  No. CV 18-00843 JCH/KK

RICHARD MARTINEZ, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Bill Lucero. (Doc. 1). The Court will dismiss this case as moot due to the absence of any case or controversy under 28 U.S.C. § 2254.

### 1. Factual and Procedural Background

Petitioner Bill Lucero filed his Petition for a writ of habeas corpus under 28 U.S.C. § 2254 on September 5, 2018. (Doc. 1). In his Petition, Lucero challenged his 12-year sentence on multiple courts of criminal sexual penetration in State of New Mexico, Twelfth Judicial District Court cause No. D-1215-CR-2015-00289. (Doc. 1 at 1). On March 18, 2020, the Court received a letter from Petitioner Lucero, providing the Court with a new address and stating that Petitioner Lucero "will no longer be incarcerated" by the time the Court received the letter. (Doc. 7).

Based on Lucero's letter advising the Court that he would no longer be incarcerated, the Court issued an Order to Show Cause on March 20, 2020. (Doc. 8). The Order to Show Cause questioned whether there was still a case or controversy because Lucero appeared to no longer

meet the custody requirement of 28 U.S.C. § 2254 and ordered Lucero to show cause within 30 days why the case should not be dismissed as moot. (Doc. 8). The Order to Show Cause was mailed to Lucero at his new address and has not been returned as undeliverable. (Doc. 8). More than 30 days has elapsed and Petitioner Lucero has not responded to the Order to Show Cause or otherwise communicated with the Court.

## 2. **Petitioner Lucero's Case No Longer Meets the § 2254 Custody Requirement**

Section 2254 provides that a district court may entertain an application for writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State Court only on the ground that *he is in custody in violation of the Constitution.*" 28 U.S.C. § 2254(a) (emphasis added). To be eligible for relief under § 2254, the petitioner must be in custody. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).

When a prisoner is released from custody, the petitioner's subsequent release may cause the petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. at 7–8. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

An incarcerated prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or restrictions imposed by the terms of the parole) constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. *See*, *e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968). Once the prisoner's

sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration—some "collateral consequence" of the conviction—must exist if the suit is to be maintained. *Carafas v. LaVallee,* 391 U.S. at 237-238. *See also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

In this case, Petitioner Bill Lucero filed his Petition Under 28 U.S.C. § 2254 by a Person in State Custody. (Doc. 1). In his Petition, Lucero stated that he was incarcerated and serving his sentence at the Otero County Prison Facility. (Doc. 1 at 1). Lucero challenged his conviction and sentence and sought release from custody. (Doc. 1). On March 18, 2020, Lucero filed a Notice of Change of Address. (Doc. 7). His Notice states:

> "I am requesting that all my legal mail be sent to the following address since I will no longer be incarcerated by the time you receive this letter."

(Doc. 7 at 1). The address given in Lucero's Notice is P.O. Box 127, TulaRosa, N.M. 88352. (Doc. 7).

The Court advised Lucero that it appeared his claims in this case are now moot in light of his letter advising the Court that he is no longer in custody and granted him the opportunity to address why his case should still proceed. (Doc. 8). Lucero did not challenge the conclusion that his claims are now moot and did not respond, in any way, to the Court's Order. Based on Lucero's Notice and his lack of response to the Order to Show Cause, he is no longer in State custody and there is no longer any case or controversy that can be remedied through a § 2254 proceeding. The Court will dismiss this case as moot. *Spencer v. Kemna*, 523 U.S. at 7–8.

**IT IS THEREFORE ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Bill Lucero. (Doc. 1) is

**DISMISSED** as moot based on lack of a present case or controversy under Article III, § 2, of the Constitution.

_____
UNITED STATES DISTRICT JUDGE